NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Susan Sanchez, <br><br> Plaintiff, <br><br> v. <br><br> Equifax Information Services, LLC, Trans Union, LLC, First Premier Bank, Verizon Wireless Services, Capital One Financial Corporation d/b/a Capital One Bank (USA) N.A., and Fingerhut, <br><br> Defendants. | Civil Action No. 20-15306 (SDW)(LDW) <br><br> OPINION <br><br> May 25, 2021 |

**WIGENTON**, District Judge.

Before this Court is Defendant First Premier Bank's ("First Premier") Motion to Dismiss (D.E. 21) Plaintiff Susan Sanchez's ("Plaintiff") First Amended Complaint (D.E. 19 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1681p. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion is **GRANTED.**

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Relying on less than two pages of sparse allegations, Plaintiff's Complaint brings twelve causes of action against First Premier and others. (*See* Compl.) Within, Plaintiff suggests that, on some unspecified date, she filed a "dispute" regarding certain tradelines (the "Tradelines") reported by First Premier, Verizon Wireless Services, Capital One Financial Corporation, and

Fingerhut (the "Furnishers"). (*See id.* ¶¶ 7 (alleging that the Furnishers are "inaccurately reporting" Tradelines), 8 (alleging that "Plaintiff *no longer* disputes" those Tradelines) (emphasis added).) The Complaint does not provide any additional details regarding Plaintiff's initial dispute with the Furnishers. (*See generally* Compl.)

At some later date, Plaintiff "obtained her" credit reports and "noticed the Errant Tradelines reporting with notations of 'account in dispute.'" (*See id.* ¶ 9.) Plaintiff subsequently notified Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") (together, the "Reporting Companies") that she had previously retracted these disputes and they should no longer be visible on her credit report. (*Id.* ¶ 10.) The Reporting Companies "forwarded" Plaintiff's "disputes to the Furnishers." (*Id.* at 11.) "In response," "each Furnisher verified" to the Reporting Companies that its reporting was accurate. (*Id.* ¶¶ 10-14.)

Plaintiff filed her initial Complaint on October 30, 2020. (D.E. 1.) On February 16, 2021, First Premier moved to dismiss pursuant to Rule 12(b)(6). (D.E. 14.) In response, Plaintiff filed an Amended Complaint on March 1, 2021. (Compl.) Although Plaintiff's allegations are outlined as twelve separate counts, they seem to amount to claims that Defendants negligently and willfully failed to perform their statutory duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by failing to investigate or remove the dispute notations. (*See id.* ¶¶ 16-91.) First Premier refiled its Motion to Dismiss on March 9, 2021, on the basis that the Amended Complaint did not "address the fatal defects in Plaintiff's claims." (D.E. 21-1 at 2 n.1.) On March 22, 2021, Plaintiff opposed. (D.E. 26.) First Premier timely replied. (D.E. 28.) Since then, Plaintiff has settled her claims with the Reporting Companies. (D.E. 36-39.)

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III. DISCUSSION

The FCRA provides a private cause of action for willful and negligent violations of the Act. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citing 15 U.S.C. §§ 1681n, 1681o). Because First Premier is a "furnisher[] of information,"[1] it is "bound by the duties set forth in 15 U.S.C. § 1681s-2, entitled 'Responsibilities of furnishers of information to consumer reporting agencies.'" *Mullarkey v. Best Buy Corp.*, Civ. No. 07-912, 2007 WL 1816474, at *2 (E.D. Pa. June 21, 2007). When a consumer disputes a debt directly to a furnisher, Section

---

[1] First Premier does not dispute that it qualifies as a furnisher under the Act.

3

1681 requires that the furnisher report that debt as disputed. *See* 15 U.S.C. § 1681s-2(a)(3). To state a claim under Section 1681s-2(b), a plaintiff must allege that: (1) he sent notice of the disputed information to a credit reporting agency; (2) the agency then notified the furnisher of the dispute; and (3) the furnisher failed to conduct a reasonable investigation and rectify the inaccurate information. *See Ameri v. Equifax Info.*, Civ. No. 14-3319, 2015 WL 1275283, at *4 (D.N.J. Mar. 9, 2015) (citation omitted). "Court[s] have explicitly held that a showing of inaccuracy is essential to a [Section] 1681s-2(b) claim." *Gatanas v. Am. Honda Fin. Corp.*, Civ. No. 20-7788, 2020 WL 7137854, at *3 n.3 (D.N.J. Dec. 7, 2020) (citing *Pittman v. Experian Info. Sols. Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (collecting cases)).

Here, Plaintiff's Amended Complaint lacks sufficient detail regarding First Premier's involvement in the underlying dispute. Besides a formulaic recitation of the elements of each cause of action and an insistence that the dispute notations should have been removed, (*see, e.g., id.* ¶ 18), the Amended Complaint does not allege what First Premier's investigation should have involved, or how its actions failed to meet this investigative standard. Moreover, given Section 1681, if Plaintiff initially raised her disputes with First Premier, but later only notified the Reporting Companies of the dispute withdrawals, a reasonable Furnisher may have acted properly by conducting an investigation and concluding that the Tradeline disputes remained viable. *See McGee v. Equifax Info. Servs., LLC*, Civ. No. 18-04144, 2019 WL 2714505, at *3 (N.D. Ga. Mar. 19, 2019), *report and recommendation adopted*, Civ. No. 18-4144, 2019 WL 2714497 (N.D. Ga. Apr. 9, 2019). Thus, in addition to the Amended Complaint's sparsity, its plausibility is further undermined by its failure to allege where, how, or to whom Plaintiff initially disputed the accounts, prior to notifying the Reporting Companies that the Tradelines were, miraculously, no longer

4

disputed. Therefore, the Amended Complaint fails to plausibly allege a claim against First Premier under the FCRA.

Additionally, Plaintiff's action seems to be based on a "form complaint substantively similar, if not identical, to multiple other complaints . . . ." *See Briscoe v. Equifax Info. Servs., LLC*, 2020 U.S. Dist. LEXIS 250943, *10 (N.D. Ga. 2020). Prior versions of this document seem to have included descriptions of how the relevant accounts were originally disputed and to whom the initial disputes were sent. *See McGee*, 2019 WL 2714505, at *3. After adverse legal outcomes, which hinged on facts related to the initial disputation of certain Tradelines, later iterations of the form complaint glossed over how the account disputes began.[2] *Compare McGee*, 2019 WL 2714505, at *3 *with Briscoe*, 2020 U.S. Dist. LEXIS 250943, at *10-11. The *Briscoe* court, which considered a similar complaint, explained as follows:

> The allegations in Plaintiff's Complaint are sparse and vague. The Complaint alleges, in conclusory fashion, that [] Plaintiff obtained a copy of her Equifax credit disclosure and noticed that [the furnisher] was reporting [a] tradeline on Plaintiff's [] credit file with a notation of "account in dispute." . . . The Complaint alleges that she no longer disputes what she characterizes as the "Errant Tradeline[ ]." . . . From that allegation, the Court reasonably infers that at some earlier, but unspecified, point in time, Plaintiff apparently disputed the account or tradeline at issue … However, the Complaint omits any actual factual background for what transpired prior to the time Plaintiff apparently changed her mind and decided that she no longer disputed the account or the debt. The Complaint does not allege when or why Plaintiff originally disputed the debt [], whether Plaintiff informed [the furnisher] directly that she disputed the debt or tradeline, or whether Plaintiff merely called or contacted Equifax to dispute the debt or tradeline.

---

[2] To this point, there is a risk that parties may "self-manufactur[e]" an inaccurate credit report "by first 'disputing' and then 'un-disputing' certain tradelines . . . ." *Briscoe*, 2020 U.S. Dist. LEXIS 250943, *4-5 n.7. Plaintiff argues that the Amended Complaint is distinguishable from the federal precedent cited by Defendant on the basis that, in *Roth v. Equifax Info Servs., LLC*, Civ. No. 16-4325, 2017 WL 2181758 (D. Ariz. May 17, 2017), the plaintiff had disputed its debt directly to the furnisher. (D.E. 26 at 7.) However, the Amended Complaint fails to include the key information that would allow this Court to assess whether Plaintiff's scenario is distinguishable from *Roth*. For this reason, although Plaintiff points this Court to *Harris v. Equifax Info. Servs., LLC*, Civ. No. 20-1770, 2020 WL 6545977 (M.D. Fla. Nov. 6, 2020), a short opinion which was issued prior to *Briscoe*, the line of cases related to *McGee* and *Briscoe* provide helpful context and history.

To the extent Plaintiff points this Court to *Wheeler v. Trans Union LLC*, it is distinguishable from the instant case, where only First Premier moves for dismissal. *Wheeler,* Civ. No. 17-03328, 2018 WL 2431876, at *3 (D. Ariz. May 30, 2018). Lastly, this Court notes that none of these cases acts as controlling precedent in the Third Circuit.

*Briscoe*, 2020 U.S. Dist. LEXIS 250943, at *4-5. Therefore, "omit[ting] any allegation whatsoever indicating to whom Plaintiff initially disputed the subject account" suggests "a thinly veiled attempt to avoid" dismissal. (*Id.* at *17-18 (refusing to find *Roth* and *McGee* distinguishable on this basis).)

Like in *Briscoe*, Plaintiff's Amended Complaint includes vague allegations that First Premier "failed to conduct a proper reinvestigation," (*id.* ¶¶ 17, 24), without describing how that investigation, if conducted properly, would have led a reasonable Furnisher to remove the notations from Plaintiff's credit report. "As the *Roth* court explained," if Plaintiff had told the Furnisher that it disputed a debt, the FCRA may have "require[d] the furnisher to retain that dispute status pursuant to 15 U.S.C. § 1681s-2(a)(3)." *McGee*, at *3. Therefore, it is challenging to see how the Amended Complaint withstands dismissal, without identifying facts that First Premier could have located in a subsequent investigation to demonstrate that its reported information was inaccurate. (*See* Compl.) As a result, even making every inference in Plaintiff's favor, this Court must grant First Premier's Motion to Dismiss.

## **CONCLUSION**

First Premier's Motion to Dismiss is **GRANTED**. Plaintiff shall have thirty (30) days to file an Amended Complaint. An appropriate order follows.

                                                           /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
       Leda D. Wettre, U.S.M.J.